INDIANA MORTGAGE & REALTY INVESTORS
v SPIRA-MART OF LANSING

Docket No. 53883. Submitted February 8, 1982, at Lansing.—Decided
April 8, 1982. Leave to appeal applied for.

Indiana Mortgage & Realty Investors brought an action against
Spira-Mart of Lansing and several others on a mortgage and
note secured by property located in the City of Lansing. The
mortgage was foreclosed, the premises were sold to the plaintiff,
and the plaintiff obtained a deficiency judgment against Spira-
Mart. Because Spira-Mart had no assets, plaintiff proceeded by
way of garnishment against the limited partners of Spira-Mart.
The Ingham Circuit Court, James T. Kallman, J., found that
the unpaid capital contributions of the partners were proper
subjects of garnishment, and judgments were entered against
the partners. The partners appeal, alleging that their obliga-
tions to Spira-Mart were waived by a later agreement between
themselves and the partnership and that garnishment was
improper because the partnership had not called for the unpaid
capital contributions. *Held:*

1. The unpaid capital contributions were properly subject to
garnishment. The certificate of limited partnership was not
amended to reflect the waiver upon which the partners rely.
Furthermore, the Uniform Limited Partnership Act protects
the rights of a creditor such as the plaintiff regardless of a
waiver or compromise of the limited partners' liability.

2. Whether or not the debt owed by a garnishee defendant to
the principal defendant is due does not affect the right of a
creditor to garnishee the debt.

Affirmed.

1. PARTNERSHIP — LIMITED PARTNERSHIP — GARNISHMENT — STAT-
UTES.
A limited partner is liable to the partnership for the difference

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Attachment and Garnishment § 186.
   60 Am Jur 2d, Partnership § 378.
[2] 6 Am Jur 2d, Attachment and Garnishment § 121.
   20 Am Jur 2d, Courts § 82.

between his contribution actually made and that stated in the certificate of limited partnership as having been made, and such a liability is a proper subject of garnishment by a creditor of the partnership (MCL 449.217, 600.4011[1]; MSA 20.67, 27A.4011[1]).

2. Garnishment — Court Rules.
  The right of a creditor to garnishee a debt owed by the garnishee defendant to the principal defendant is not affected by whether or not the debt is due (GCR 1963, 738.5[4]).

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Ronald S. Holliday* and *Terrence E. Haggerty*), for plaintiff.

*Goldstein, Serlin, Grass & Eserow, P.C.* (by *Joel H. Serlin* and *Barry M. Rosenbaum*), for garnishee defendant Robert Chambers.

*Tesseris & Crown, P.C.*, for garnishee defendants Howard Chazen, Peter Ponta and Advance Steel Company.

Before: Danhof, C.J., and M. F. Cavanagh and D. F. Walsh, JJ.

Per Curiam. Garnishee defendants Howard Chazen, Peter Ponta, Robert Chambers, and Advance Steel Company appeal the September 10, 1980, order of summary judgment entered against them by the Ingham County Circuit Court. GCR 1963, 117.2(3).

On December 2, 1977, the circuit court granted a deficiency judgment in favor of plaintiff Indiana Mortgage & Realty Investors against defendant Spira-Mart of Lansing, a limited partnership, in the amount of $48,542.72. Because Spira-Mart had no assets, plaintiff turned to the garnishee defendants, limited partners of Spira-Mart, to satisfy its judgment. The certificate of limited partnership

indicates that the capital contributions of garnishee defendants Howard Chazen, Peter Ponta, Robert Chambers and Advance Steel Company were in the amounts of $50,000, $50,000, $100,000 and $50,000 respectively. The actual contributions made by the garnishee defendants were $13,825, $13,825, $32,650 and $13,825 respectively. The court found that the unpaid capital contributions of garnishee defendants were proper subjects of garnishment. Judgment in favor of plaintiff against garnishee defendants was entered in the amounts of their unpaid capital contributions.

In ruling that the unpaid capital contributions were subject to garnishment by plaintiff, the court found that those unpaid contributions were "obligations owed" to defendant Spira-Mart by the garnishee defendants. The court rejected the argument of the garnishee defendants that the unpaid capital contributions were not obligations owed by them to defendant Spira-Mart by virtue of a November, 1976, agreement between them and Spira-Mart whereby Spira-Mart waived their obligations to make further capital contributions to the limited partnership. In exchange for these waivers, the garnishee defendants assigned to a general partner their interests in the partnership which were represented by the unpaid capital contributions. The certificate of limited partnership was not amended to reflect these waivers and assignments. We find no error in entry of summary judgment.

MCL 600.4011(1); MSA 27A.4011(1), the garnishment statute, states in pertinent part:

"[T]he circuit court shall have power by garnishment to apply the following * * * obligation * * * to the satisfaction of a claim evidenced by * * * judgment of this state * * *:

* * *

"(b) An obligation owed to the person against whom the claim is asserted * * *."

Relying on § 17 of the Uniform Limited Partnership Act, the court properly found that, for purposes of determining the rights of plaintiff, a judgment creditor of Spira-Mart, the differences between the capital contributions as listed in the certificate of limited partnership and as actually made by the limited partners were obligations owed to Spira-Mart. The relevant statutory provisions state:

"(1) A limited partner is liable to the partnership.

"(a) For the difference between his contribution as actually made and that stated in the certificate as having been made, * * *

* * *

"(3) The liabilities of a limited partner as set forth in this section can be waived or compromised only by consent of all members; but a waiver or compromise shall not affect the right of a creditor of a partnership who extended credit or whose claim arose after the filing and before a cancellation or amendment of the certificate, to enforce such liabilities." MCL 449.217; MSA 20.67.

It is not disputed that plaintiff extended credit to the limited partnership (Spira-Mart) after the filing of the certificate of limited partnership. The certificate was not cancelled or amended to reflect the November, 1976, waivers and assignments. By its terms the statute preserves the rights of partnership creditors in plaintiff's position to enforce the liability of limited partners set forth in MCL 449.217(1)(a) regardless of a waiver or compromise of that liability. MCL 449.217(3).

Garnishee defendants' argument that garnishment was improper because the limited partnership had not called for the unpaid capital contributions is without merit. The certificate of limited partnership makes no reference to a call requirement. In addition, whether or not a debt owed by the garnishee to the principal defendant is due does not affect the right of a creditor to garnishee that debt. GCR 1963, 738.5(4). Nor is there a requirement that a creditor of a limited partnership prove reliance on the certificate of limited partnership before the creditor can seek enforcement, by way of garnishment, of the liability of limited partners set forth in MCL 449.217(1)(a).

Affirmed. Costs to plaintiff.